UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REHHAUT, | No. 2:17-cv-02091-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| TAHOE KEYS MARINA AND YACHT CLUB, LLC, ET AL., | (ECF Nos. 30, 34.) |
| Defendants. | |

Presently before the court is plaintiff Richard Rehhaut's motion for default judgment (ECF No. 30) and defendants Tahoe Keys Marina and Yacht Club and LT Food and Spirits' joint motion to set aside the Clerk's entries of default (ECF No. 34). Defendants opposed plaintiff's default judgment motion. (ECF No. 33.) Plaintiff has not responded to defendants' motion to set aside.[1] For the reasons that follow, the court SETS ASIDE the Clerk's entries of default against the two defendants.

BACKGROUND

The present action was filed on October 10, 2017. (ECF No. 1.) On May 4, 2018, the court stayed litigation and ordered the case sent to its Voluntary Dispute Resolution Program

---

[1] Pursuant to Local Rule 230(c) the court construes plaintiff's failure to file a timely opposition as a non-opposition to defendants' motion.

1

1  ("VDRP"). (ECF No. 12.) On September 14, 2018—while the case was stayed for VDRP—
2  plaintiff requested leave to file his first amended complaint, which the district court granted.
3  (ECF Nos. 19, 20.) The parties met with a mediator on June 17, 2019, but informed the court on
4  July 11, 2019, that they did not settle. (ECF No. 22.)

5  On July 23, 2019, the district court issued a minute order directing defendants to respond
6  to the first amended complaint, and if no such response was made the court instructed plaintiff to
7  file a request for default by August 12, 2019. (ECF No. 23.) Defendants did not file a responsive
8  pleading, and on August 12, plaintiff requested the Clerk of the Court to enter default against
9  each defendant. (ECF Nos. 24, 25.) Defendants promptly opposed, but because they had failed
10 to answer, the Clerk entered default against each defendant. (ECF Nos. 26, 27, 28.)

11 On February 26, 2020, the district court noted that plaintiff had yet to move for default
12 judgment, and ordered these motions be filed by March 9, 2020. (ECF No. 29.) Plaintiff then
13 moved for default judgment against defendants. (ECF No. 30.) Defendants then filed an
14 opposition to the default judgment motion, and also moved to set aside the Clerk's entry of
15 default. (ECF Nos. 33, 34.)

16 DISCUSSION

17 Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the
18 subsequent entry of default judgment by either the clerk or the district court. In relevant part,
19 Rule 55(a) provides:

20 > (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
21
22

23 Fed. R. Civ. P. 55(a).[2]

24 Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of

---

[2] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55"); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

default for good cause. . . ." The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors in determining whether good cause exists: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "Mesle") (modification in original) (quoting Franchise Holding II, LLC, 375 F.3d at 925-26).

Under this disjunctively framed standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Mesle, 615 F.3d at 1091; Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. See, e.g., Brandt, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not*.") (emphasis added). "The court's discretion is especially broad where...it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." Mesle, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. See Mesle, 615 F.3d at 1091 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining when a default should be set

3

1 aside are solicitous towards movants, especially those whose actions leading to the default were
2 taken without the benefit of legal representation." Mesle, 615 F.3d at 1089.

3     With the above principles in mind, the court proceeds to consider defendants' request to
4 set aside the Clerk's entries of default.

5         Culpable Conduct

6     In this case the court cannot conclude that defendants' conduct was culpable under the
7 standard set forth above.  Defendants reasonably relied on the court's prior order that "STAYED
8 [this action] until further order of the court."  (ECF No. 12.)  Of note, the order staying this case
9 was never explicitly vacated, and the court's docketing system still shows that this matter is
10 stayed.

11     While defendant should have followed a direct court order—to file a responsive pleading
12 by August 1, 2019, — or at a minimum sought clarification, defendants promptly opposed the
13 entries of default, responded to plaintiff's motion for default judgment, and now seek to vacate
14 the defaults.  Thus, defendants have been active in the present matter to the extent they felt was
15 consistent with the court's order staying this case.  Given the stay order, the electronic docket
16 showing the case as stayed, and plaintiff's failure to file an opposition to defendants' motion to
17 set aside, the court finds that defendants' conduct is not so culpable so as to justify refusing to
18 vacate the defaults entered against them.

19         Lack of a Meritorious Defense

20     Defendants do not explicitly address this point in their motion but do assert that service of
21 plaintiff's amended complaint was improper.  (See ECF No. 34.)  At a minimum, the present
22 record certainly does not affirmatively show the absence of a meritorious defense.  As such, this
23 factor does not counsel in favor of denying defendants' request to set aside the defaults.

24         Prejudice

25     "To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result
26 in greater harm than simply delaying resolution of the case." Mesle, 615 F.3d at 1095.  Here,
27 there is no indication that plaintiff's ability to pursue his claim will be hindered by the delay in
28 setting aside the Clerk's entries of default, and plaintiff's failure to respond to defendants' motion

appears to indicate that any potential prejudice would be minimal.

In sum, taking all of the factors into consideration, the court finds that defendants have shown good cause to set aside the Clerk's entries of default.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's entries of default (ECF Nos. 27, 28) are SET ASIDE.
2. The stay in this matter is LIFTED.
3. Within 14 days of this order, defendants shall file their response to plaintiff's operative first amended complaint.
4. Plaintiff's motion for default judgment (ECF No. 30) is DENIED as moot.
5. The hearing scheduled for May 28, 2020 before the undersigned is VACATED.

IT IS SO ORDERED.

Dated:  May 21, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE